891 F.2d 287
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In re Claude Michael SCIALDONE; Dana Louise Scialdone, Debtors.
UNITED VIRGINIA BANK, Plaintiff-Appellee,
v.
Claude Michael SCIALDONE, Defendant-Appellant,
and
Dana Louise Scialdone, Defendant.
 No. 89-1450.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Aug. 25, 1989.
Decided: Nov. 16, 1989.
 
 Dean W. Sword, Jr., on brief, for appellant.
 Joan F. Martin, Williams, Worrell, Kelly, Greer Frank, P.C., on brief, for appellee.
 Before PHILLIPS, MURNAGHAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Claude Scialdone appeals, pursuant to 28 U.S.C. § 158(d), from a final order of the district court awarding $35,214 to Crestar Bank (formerly United Virginia Bank) (UVB) in UVB's adversary proceeding in bankruptcy against Scialdone.
 
 
 2
 The facts relevant to this appeal are as follows: Claude Scialdone and his wife filed a joint Chapter 7 petition in bankruptcy on August 14, 1987. On September 10, 1987, UVB initiated an adversary proceeding pursuant to 11 U.S.C. § 523(c) against the Scialdones in which UVB sought to have a debt owed it by the Scialdones excepted from discharge in bankruptcy. The debt at issue was a note, signed by the Scialdones and held by UVB, which was secured by a deed of trust on a vacant lot. Claude Scialdone had provided UVB with a title certification letter to the effect that UVB held the first deed of trust on the lot. In fact, neither Scialdone nor the attorney who signed the title certification letter had ever searched the title to the lot. When the Scialdones were preparing to file for bankruptcy, they discovered for the first time that there was a superior lien on the vacant lot.
 
 
 3
 In UVB's adversary proceeding, the bankruptcy court found that UVB had reasonably relied on Claude Scialdone's materially false written statement in the title certification letter and that Scialdone's reckless disregard for the falsity of the letter constituted an intent to deceive. Based on these findings, the bankruptcy court held that Scialdone's debt to UVB was nondischargeable under 11 U.S.C. § 523(a).[1] The bankruptcy court then awarded UVB $35,214.08 on its underlying claim against Scialdone, finding in essence that Scialdone's filing of the bankruptcy petition was a default on his note to UVB and thus constituted a breach of contract.
 
 
 4
 On appeal, the district court affirmed the bankruptcy court's ruling that UVB's claim was nondischargeable, but found that because the question of the amount of UVB's underlying claim was not a core proceeding under 28 U.S.C. § 157(b)(2)(I), the bankruptcy court lacked the power to enter a final judgment on that state law contract claim. The district court therefore remanded the issue of the amount of the underlying claim with directions to the bankruptcy court to submit proposed findings of fact and conclusions of law.
 
 
 5
 The district court in its remand also asked the bankruptcy court to consider whether the district court ought to abstain, pursuant to 28 U.S.C. § 1334(c)(1), from deciding the state law issue. Under 28 U.S.C. § 1334(c)(1), a district court may abstain "in the interest of justice, or in the interest of comity with State courts or respect for State law" from hearing a title 11 proceeding.
 
 
 6
 In its proposed conclusions of law, the bankruptcy court opined that its nondischargeability ruling involved a recognition that Scialdone had committed civil fraud. Because an action by UVB based on fraud would have been time-barred by Virginia's one-year statute of limitations for fraud, the bankruptcy court considered the proper characterization of UVB's claim as either fraud or breach of contract to present an important question of state law. The bankruptcy court therefore recommended that the district court abstain.
 
 
 7
 In a memorandum opinion and order, the district court rejected the bankruptcy court's recommendation of abstention. The district court noted that it had already affirmed the bankruptcy court on the issue of nondischargeability. The only remaining issue--UVB's underlying claim--was a simple breach of contract claim premised on Scialdone's default on a promissory note. Because this basic claim presented no difficult or novel issue of state law, the district court declined to invoke permissive abstention, accepted the bankruptcy court's proposed findings on the underlying claim, and awarded final judgment to UVB.
 
 
 8
 This appeal followed.
 
 
 9
 The appellant raises a single issue in this appeal: whether the district court should have abstained from adjudicating UVB's claim on the ground that the application of Virginia's one-year statute of limitations for civil fraud to this case presented a novel and unsettled question of state law.
 
 
 10
 The bankruptcy court indisputably had the power, which it exercised, to enter a final order on the issue of the nondischargeability of UVB's debt. The district court affirmed that order on appeal, and the appellant does not challenge that ruling on this appeal. The appellant nonetheless argues that the civil fraud that formed the basis for the nondischargeability ruling is somehow integral to UVB's underlying claim on the note, and that the district court could not address the claim on the note without considering the applicability of the statute of limitations on civil fraud.
 
 
 11
 Once we remove from our consideration, as we must, the undisputed issue of nondischargeability, the baselessness of the appellant's argument on this appeal comes into sharp relief. The district court had before it a basic state law issue: Scialdone's liability on a promissory note. Any fraud associated with the security for that note is obviously irrelevant to the issue of contractual liability. Of course we express no opinion on the difficulty of the hypothetical (and somewhat incoherent) state law question the appellant poses. Rather, we merely affirm the district court's decision not to abstain from deciding the simple contract issue that was before it.
 
 
 12
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 13
 AFFIRMED.
 
 
 
 [1]
 The bankruptcy court found that Scialdone's wife lacked the intent to deceive and therefore discharged UVB's claim against her